# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1043V

|  |  |  |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| KAREN HOISINGTON, | * | |
| | * | Special Master Jennifer A. Shah |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Filed: August 22, 2024 |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner
*Colleen Hartley*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On July 18, 2019, Karen Hoisington ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccination she received on October 25, 2017. Pet. at 1. A Ruling on Entitlement was issued on August 20, 2020, finding Petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 17.

On July 22, 2024, following a hearing on damages, Special Master Katherine E. Oler issued

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

a Ruling Awarding Damages, awarding Petitioner $200,000.00 for past pain and suffering and $5,000.00 per year for Petitioner's remaining life expectancy (reduced to net present value) for future pain and suffering. Ruling Awarding Damages, ECF No. 98. Special Master Oler also awarded Petitioner life care plan items such as heavy housekeeping, gardening services, and mending and alteration services. *See id.* at 18-20. The Ruling Awarding Damages is incorporated herein as if fully set forth. Special Master Oler directed the parties to file a joint status report listing all damages items, including those that the parties have agreed upon, such as lost earnings, past unreimbursable expenses, and medical and non-medical life care items. *See id.* at 20; *see also* ECF No. 71.

This case was reassigned to me on August 13, 2024. ECF No. 100. On August 21, 2024, the parties filed a joint status report agreeing that Petitioner should be awarded a lump sum of $322,911.27, with the remainder of damages to be paid in the form of an annuity contract. Joint Status Rep. filed August 21, 2024 ("August 21, 2024 Joint Status Report"), ECF No. 101.

Therefore, based on the record as a whole, and pursuant to Special Master Oler's Ruling Awarding Damages, I find that Petitioner is entitled to an award as ordered below:

**1. A Lump Sum**

A lump sum payment of $322,911.27, which includes $30,379.91 for life care expenses expected to be incurred during the first year after judgment, $33,468.00 for lost earnings, and $247,830.00 for pain and suffering, in the form of a check payable to Petitioner.

**2. An Annuity**

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. The annuity contract will provide payments for the life care items contained in the life care plan, which items are described in section II.B and Appendix A of the August 21, 2024 Joint Status Report, which is incorporated herein as if fully set forth. ECF No. 101. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), Respondent shall purchase, and take ownership of, an annuity contract or contracts[3] from one or more life insurance companies, as described below:

Each life insurance company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. Have one of the following ratings from two of the following rating organizations:
   a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

---

[3] To satisfy the conditions set forth herein, in Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

      d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

Respondent shall purchase an annuity contract or contracts from the life insurance company or companies for the benefit of Petitioner, pursuant to which the life insurance company or companies will agree to make payments periodically to Petitioner as described in section II.B and Appendix A of the August 21, 2024 Joint Status Report.

      This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

                                                             **s/ Jennifer A. Shah**
                                                             Jennifer A. Shah
                                                             Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.