# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1043V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * *<br>KAREN HOISINGTON,<br><br>                     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*  Special Master Jennifer A. Shah<br>*<br>*<br>*  Filed: June 27, 2025<br>*<br>*<br>*<br>*<br>*<br>* |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
*Colleen Hartley,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

       On July 18, 2019, Karen Hoisington ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on October 25, 2017. *Id*. at 1-2.

       On August 26, 2020, Respondent filed a Rule 4(c) Report conceding Petitioner was entitled to compensation under the terms of the Vaccine Act. ECF No. 16 at 1. On August 27, 2020, Chief Special Master Brian H. Corcoran issued a Ruling on Entitlement, and this case entered the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

damages phase. ECF Nos. 17, 18. On September 27, 2021, this case was reassigned to former Special Master Katherine E. Oler. ECF No. 39. Special Master Oler held a damages hearing on October 10, 2023. *See* Minute Entry on October 10, 2023. On July 22, 2024, Special Master Oler issued a Ruling on Damages. ECF No. 98. This case was reassigned to me on August 13, 2024. ECF No. 100. The parties filed a joint status report on August 21, 2024, confirming all issues were resolved and formalizing a list of the items of compensation and the form of Petitioner's award. ECF No. 101. On August 22, 2024, I adopted the parties' joint status report and issued a Decision Awarding Damages. ECF No. 102.

On October 10, 2024, Petitioner filed an application ("Fees App.") for final attorneys' fees and costs. ECF No. 108. Petitioner requests a total of $107,467.14 for attorneys' fees and costs. *Id.* at 3. Petitioner affirmed she did not incur any personal costs. Fees App. at 108. Respondent responded to the motion ("Fees Resp.") on October 11, 2024, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." ECF No. 109 at 2. Petitioner did not file a reply.

This matter is now ripe for consideration.

**I. Legal Standards**

Section 15(e)(1) of the Vaccine Act permits a special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act; furthermore, even if they are unsuccessful, they are eligible for such an award so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

If a petitioner is eligible for an award of fees and costs, it is "well within the special master's discretion" to determine the reasonableness of such fees and costs. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

Reasonable hourly rates for attorneys' fees are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of proving that the requested hourly rate is reasonable. *Id.*

**A. Good Faith**

The good faith requirement is assessed through a subjective inquiry. *Di Roma v. Sec'y of*

2

*Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). The requirement "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good faith inquiry, a reasonable basis analysis requires more than just evaluating a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). "[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).

Although the Vaccine Act does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286; *see* 42 U.S.C. § 300aa-13(a)(1) (special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion"). The *Chuisano* Court agreed that a petition that relied only on temporal proximity and a petitioner's affidavit did not have a reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

The Federal Circuit has clarified that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

When determining if a reasonable basis exists, a special master may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to

3

look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Good Faith and Reasonable Basis

Respondent did not raise any specific objections regarding good faith and reasonable basis. *See generally* Fees Resp. Petitioner was awarded damages totaling $322,911.27 and various life care plan items. ECF No. 102. I see no reason to deny attorneys' fees and costs in this case.

### B. Attorneys' Fees

Petitioner requests a total of $84,949.85 in attorneys' fees.

1. Reasonable Hourly Rate

As noted, a reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 895 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[3]

Petitioner requests compensation for Mr. Richard Gage at the following hourly rates: $326.00 for work performed in 2018; $338.00 for work performed in 2019; $350.00 for work performed in 2020; $362.00 for work performed in 2021; $393.00 for work performed in 2022; $422.00 for work performed in 2023; and $441.00[4] for work performed in 2024. Petitioner also requests compensation for work performed by attorney Kristen Blume at the following hourly rates: $338.00 for work performed in 2019; $350.00 for work performed in 2020; $355.00 for work performed in 2021; $386.00 for work performed in 2022; and $422.00 for work performed in 2023 and 2024. Petitioner also requests paralegal hourly rates from $120.00-159.00 for work performed between 2018-2024. These hourly rates are consistent to what Mr. Gage and his firm has been previously awarded. *See, e.g.*, *Rogers v. Sec'y of Health & Hum. Servs.*, No. 22-1714V,

---

[3] The 2015-2025 Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] For unknown reasons, Mr. Gage's 2024 hourly rates were partially billed at $411.00 per hour. I will grant only what has been requested.

4

2025 WL 1733913 (Fed. Cl. Spec. Mstr. May 21, 2025); *Allen-Scott v. Sec'y of Health & Hum. Servs.*, No. 19-1517V, 2024 WL 4839286 (Fed. Cl. Spec. Mstr. Aug. 14, 2024); *Jeffries v. Sec'y of Health & Hum. Servs.*, No. 21-884V, 2024 WL 4003035 (Fed. Cl. Spec. Mstr. Aug. 2, 2024). I see no reason to disturb the rates requested by Mr. Gage and his colleagues.

### 2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). Ultimately, however, it is "well within the [s]pecial [m]aster's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. Such a reduction may be made *sua sponte*, even in the absence of enumerated objections from Respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin*, 85 Fed. Cl. at 318.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen*, 102 Fed. Cl. at 729. Instead, the special master may make a global reduction to the total amount of fees requested. *See Hines*, 22 Cl. Ct. at 753 ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

I have reviewed all of Mr. Gage and his colleagues' billed hours and they seem to be reasonable. Furthermore, Respondent did not raise any specific objections.

Accordingly, I award Petitioner a total of **$84,949.85** in attorneys' fees.

### C. Reasonable Costs

Petitioner requests a total of $22,517.29 in attorneys' costs, consisting of: $868.16 for medical record requests; $400.00 for the Court's filing fee; $17,387.68 for the preparation of a life care plan; $2,900.00 for Dr. McNulty's net present value calculations; $176.20 for photocopies; $387.60 for the damages hearing transcript; and $397.65 for Mr. Gage's travel to Petitioner's residence in Colorado for the damages hearing. *See* ECF No. 108 at 7. I will grant the costs associated with photocopies, medical record requests, the hearing transcript, Mr. Gage's travel expenses, and the Court's filing fee in full; I discuss the remaining costs below.

#### 1. Mark McNulty, Ph.D., Economist Costs

Petitioner requests a total of $2,900.00 for work performed by Dr. McNulty of Economic Solutions. Petitioner submitted one invoice from Dr. McNulty documenting 4.75 hours of work at an hourly rate of $400.00. Dr. McNulty has been awarded his requested hourly rate of $400.00 by other special masters. *See, e.g.*, *Ferguson v. Sec'y of Health & Hum. Servs.*, No. 17-1737V,

5

2022 WL 1467655, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2022); *Hodkinson v. Sec'y of Health & Hum. Servs.*, No. 14-660V, 2021 WL 5711949, at *4 (Fed. Cl. Spec. Mstr. Nov. 2, 2021). I see no reason to disturb this request. However, because Dr. McNulty only documented 4.75 hours of work, the cost of his report should be $1,900.00. *See* Fees App. at 92. The discrepancy between this amount and what Mr. Gage has requested ($2,900.00) could be due to a $1,000.00 retainer paid to Dr. McNulty that was documented. Dr. McNulty's final invoice ($1,900.00), does note $900.00 was due because Mr. Gage was credited with the $1,000.00 retainer. *Compare* Fees App. at 74-75 with Fees App. at 92. I will award $1,900.00 for Dr. McNulty's expert report, consistent with the only invoice provided.

### 2. Costs Associated with the Life Care Plan

A total of $19,387.68[5] apparently was paid to ReEntry Rehabilitation Services, Inc., for the completion of a life care plan by Ms. Elizabeth Kattman. The amount paid was less than the $19,586.82 Ms. Kattman invoiced, which consisted of $83.43 for medical records requests and $19,503.39 for her work. *See* Fees App. at 106-07.

Ms. Kattman's medical record requests seem to be duplicative of the requests already made by Petitioner's counsel. It is unclear why these records were requested again and not simply sent to Ms. Kattman by Petitioner's counsel; therefore I will deduct the $83.43 claimed for these requests.

Ms. Kattman performed 96.06 hours of work in this case, charging an hourly rate of $185.00 or $225.00 for work performed from 2021-2024. Ms. Kattman has been granted her requested hourly rates by other special masters. *See, e.g., Scott v. Sec'y of Health & Hum. Servs.*, No. 18-915V, 2024 WL 4503643, at *6 (Fed. Cl. Spec. Mstr. Aug. 22, 2024); *B.A. v. Sec'y of Health & Hum. Servs.*, No. 11-51V, 2023 WL 19166, at *4-5 (Fed. Cl. Spec. Mstr. Nov. 18, 2022); *Ferguson v. Sec'y of Health & Hum. Servs.*, No. 17-1737V, 2022 WL 1467655, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2022). I see no reason to disturb Ms. Kattman's requested hourly rates, and the number of hours of work performed seem reasonable.

With respect to the hours claimed, although the documentation shows a total of $19,503.39 of work was performed by Ms. Kattman, Petitioner has not made a claim for the $2,000.00 retainer previously paid to ReEntry Rehabilitation and has only requested $17,503.59 for Ms. Kattman's work. I will award $17,503.39 for the preparation of the life care plan.

I award Petitioner a total of **$21,633.00** in attorneys' costs.

### III. Conclusion

Accordingly, I **GRANT** Petitioner's application and award the following:

---

[5] The ReEntry Rehabilitation invoice indicates a $2,000.00 retainer was paid on 3/5/2021, yet it was not included in Mr. Gage's list of costs. *Compare* Fees App. at 74-75 with Fees App. at 106-07. Additionally, Petitioner documented the cost as $17,387.68, despite the invoice from ReEntry Rehabilitation for $17,586.82. *See* Fees App. at 75.

6

Petitioner is awarded attorneys' fees and costs in the total amount of **$106,582.85**, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.